People ex rel. Florio v Brann (2020 NY Slip Op 06231)





People ex rel. Florio v Brann


2020 NY Slip Op 06231


Decided on November 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2020-07897

[*1]The People of the State of New York, ex rel. Dawn M. Florio, on behalf of Barry Hall, petitioner, 
v
Cynthia Brann, etc., respondent.


Dawn M. Florio Law Firm, PLLC, New York, NY (Declan Murray and Dawn M. Florio, pro se, of counsel), for petitioner.
Melinda Katz, District Attorney, Kew Gardens, NY (Sharon Y. Brodt, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel), for respondent.
Writ of habeas corpus in the nature of an application to release Barry Hall on his own recognizance or, in the alternative, to set reasonable bail upon Queens County Indictment No. 1523/2018.



ADJUDGED that the writ is sustained to the extent that bail on Queens County Indictment No. 1523/2018 is fixed in the sum of $1,000,000 in the form of an insurance company bail bond, $5,000,000 in the form of a partially secured bond with the requirement of 10% down, or $500,000 deposited as a cash bail alternative, on condition that, in addition to posting a bond or depositing the cash bail alternative set forth above, Barry Hall shall wear an electronic monitoring bracelet, with monitoring services to be provided by a qualified entity pursuant to CPL 510.40(4)(c), and any violations of the conditions set forth herein relating to the electronic monitoring shall be reported by the electronic monitoring service provider to the Office of the District Attorney of Queens County, and shall remain confined to his home, except for visits to his attorney, his doctors, or court, and must travel directly from his home to his attorney, his doctors, or court and directly back to his home, when conducting those visits, and the writ is otherwise dismissed, without costs or disbursements; and it is further,
ORDERED that upon receipt of a copy of this decision, order and judgment together with proof that Barry Hall has given an insurance company bail bond in the sum of $1,000,000, has given a partially secured bond in the sum of $5,000,000 with the requirement of 10% down, or has deposited the sum of $500,000 as a cash bail alternative, and has arranged for electronic monitoring with a qualified entity pursuant to CPL 510.40(4)(c), the Warden of the facility at which Barry Hall is incarcerated, or his or her agent, is directed to immediately release Barry Hall.
SCHEINKMAN, P.J., DILLON, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court